No. 25338

In Re: Certain Rules of Court Announced September 27, 1971, by the Juvenile Court of the City and County of Denver

(496 P.2d 1014)

Decided May 15, 1972.

Jarvis W. Seccombe, District Attorney, Second Judicial District, Coleman M. Connolly, Deputy, for petitioner.

David G. Manter, for respondent Denver Juvenile Court.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, William D. Neighbors, Chief Trial Deputy, as amicus curiae.

Ruthanne Polidori, Robert T. Page, for Legal Aid Society

of Metropolitan Denver, North Denver Legal Services on behalf of Children In Need of Supervision.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This attempt to invoke the appellate jurisdiction of this Court under the novel caption herein involves an order of a Denver Juvenile Judge prescribing line-up procedures to be followed in Denver Juvenile Hall in a decision involving specific juveniles detained at the Hall.

The proceedings in Juvenile Court were commenced by the filing of a "Motion for Protective Orders for Relief in the Nature of Prohibition and for Relief in the Nature of an Injunction, as Amended." The motion was initiated by the State Public Defender. The particular juveniles represented claimed their right not to be required to participate in a line-up in which there was no reasonable cause to believe that they were involved as suspects of the offense under investigation. Presented, *inter alia,* were two issues: 1. The rights and obligations of a juvenile suspect in a line-up. 2. The rights and obligation of a juvenile held in detention and selected as a "fill-in" in a line-up. Amicus Curiae briefs were received from the Denver City Attorney's Office and the District Attorney's Office on these questions. Additional comments were sought and received from the National Council on Crime and Delinquency, and from several juvenile courts in other jurisdictions.

Thereafter, the Honorable Philip B. Gilliam, Judge, entered a "Memorandum Opinion" holding, *inter alia,* that a juvenile suspect is to be afforded the same rights as an adult with respect to line-up procedures. In addition, line-ups were authorized only upon order of the Juvenile Court. With regard to those juveniles held in Juvenile Hall and selected as "fill-ins," the court held that they may refuse to participate, but that any one who agreed to participate would be granted immunity from prosecution for the particular offense with

which the suspect is being investigated. Thus, the decision appeared to have broad prospective application rather than a ruling on the particular motion for relief.

The District Attorney's Office has appealed the court's action, claiming that it is, in reality, a local rule of court, and, therefore, reviewable pursuant to 1965 Perm. Supp., C.R.S. 1963, 37-19-17. Answer brief has been filed on behalf of the Denver Juvenile Court, but also filed herein is a motion to dismiss the appeal on the ground of "want of a justiciable controversy." Amicus Curiae briefs have been received from the Legal Aid Society, and from the Colorado Public Defender's Office.

■■ We hold that this matter is not properly before this Court and the motion to dismiss the action should be granted. Insofar as the "Memorandum Opinion" constituted a decision in a particular case, that case is not now before us on appeal. Quite to the contrary, the District Attorney's Office predicates this appeal on section 37-19-17, noted above, relating to the review of local rules of the Juvenile Court. However, to the extent that the "Memorandum Opinion" is or may be construed by some as a local rule, it is not, in the manner and under the circumstances under which it was rendered, reviewable under section 37-19-17. 1965 Perm. Supp., C.R.S. 1963, 37-19-16, provides in pertinent part:

"Practice and procedure in the juvenile court shall be conducted in accordance with the provisions of this article, with any laws providing special proceedings in the juvenile court, and, *except in matters specifically covered by this article or by laws providing special proceedings,* with the *Colorado rules of civil procedure* * * *." (Emphasis added.)

While section 37-19-17 provides that "[j]uvenile court rules shall be subject to review by the supreme court," the procedure for making local rules and for review thereof is contained in C.R.C.P. 83, as follows:

"Each court by action of a *majority of its judges* may from time to time make and amend rules governing its practice not inconsistent with these rules nor inconsistent with any

directive of the supreme court.* * * Copies of proposed rules or amendments to be made by any court, before their adoption, shall be lodged with the supreme court through the office of the state court administrator. Rules so submitted shall take effect thirty days after being so lodged except as to those rules which the supreme court may have rejected in writing during said period. In all cases not provided for herein, trial courts may regulate their practice in any manner not inconsistent with these rules." (Emphasis added.)

In the instant case, it is clear that the "Memorandum Opinion" cannot operate as or be considered a local court rule because (a) it was not promulgated by a majority of the court en banc, (b) it was not made a part of the juvenile court local rules, (c) it was not submitted in compliance with C.R.C.P. 83, and (d) it cannot take effect until such procedures have been followed.

The appeal is dismissed.